UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AMERISURE MUTUAL INSURANCE CO., )
)
        Plaintiff, )
)
  vs. ) No. 4:06-CV-1308 (CEJ)
)
MASCHMEYER LANDSCAPERS, INC., )
)
        Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to dismiss Count III of defendant's counterclaim. Defendant has responded, and the issues are fully briefed.

**I. Background**

Plaintiff Amerisure Mutual Insurance Company brings this action, seeking a declaration of its rights and obligations under a commercial insurance policy issued to defendant Maschmeyer Landscapers, Inc. The defendant submitted a claim under the policy to plaintiff in January 2005. Plaintiff denied the claim, asserting that it was not covered. Plaintiff seeks a declaratory judgment that defendant's claimed loss is not a covered loss under the policy. In its counterclaim, the defendant asserts that plaintiff's denial of the insurance claim was a breach of contract (Count I) and that the denial of the claim was vexatious under Missouri law (Count II). In Count III, defendant seeks a declaration that the loss is covered under the policy and that plaintiff is obligated to pay the loss.

## II. Legal Standard

Plaintiff moves to dismiss Count III for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (May 21, 2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

III. **Discussion**

Plaintiff argues that defendant's assertion of the breach of contract and vexatious refusal claims shows that defendant has an adequate remedy at law, and the defendant is, therefore, precluded from obtaining declaratory relief. Defendant responds that Fed. R. Civ. P. 8(e)(2) allows for the assertion of multiple claims, regardless of whether they are consistent with each other or regardless of whether they seek legal or equitable relief.[1]

Rule 57, Fed. R. Civ. P., governs declaratory judgment actions and provides, "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is otherwise appropriate." Rule 8(a), Fed. R. Civ. P. allows a party to demand relief "in the alternative or of several different types." Rule 8(e)(2) provides, "A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."

The absence of an adequate remedy at law is an element of a claim for declaratory relief. Cincinnati Casualty Co. v. GFS Balloons, 168 S.W.3d 523, 525 (Mo. Ct. App. 2005). "A petition seeking declaratory judgment that alleges breach of duties and obligations under the terms of a contract and asks the court to declare those terms breached is nothing more than a petition

---

[1]In relevant part, Rule 8(e)(2) provides: "A party may . . . state as many separate claims or defenses as the party has regardless of consistency and whether based on legal equitable, or maritime grounds."

claiming breach of contract." Id. It thus provides an adequate remedy at law, and a decision on the merits of the breach of contract claim would render the defendant's request for declaratory judgment moot or redundant. See Postal Instant Press v. Jackson, 658 F.Supp. 739, 742 (D. Colo. 1987).

Rule 57 is not construed to mean that a declaratory judgment action "will lie whenever there is a pending controversy, regardless of the need for it." Larson v. General Motors Corp., 134 F.2d 450, 453 (2d Cir. 1943). "Whether to entertain the action rests in the discretion of the judge," and a declaratory judgment action should lie "only in cases where it could be of some practical convenience to the parties." Id., citing Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942). A court may decline to enter declaratory judgment if such a judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." J.H. Fichman Co., Inc. v. City of Kansas City, 800 S.W.2d 24, 27 (Mo. Ct. App. 1990), citing Mo. Rev. Stat. § 527.060.

In the instant case, defendant has asserted a counterclaim for breach of contract and for vexatious refusal to pay, both arising from the plaintiff's denial of the insurance claim. Clearly the defendant has an adequate remedy at law and has invoked it by asserting the breach of contract and vexatious refusal claims. Adjudication of the breach of contract claim would render the request for declaratory judgment moot or redundant, while a ruling on the merits of the declaratory judgment action would not address the issue of damages pursuant to the breach of contract claims.

The Court concludes that the defendant may not seek a declaration that the claimed loss was covered by the policy. Defendant's request for leave to amend the counterclaim will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss [# 15] Count III of defendant's counterclaim is **granted.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2007.